# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALVIN R. SIMMONS, JR., )
)
Plaintiff, )
)
v. ) Civil Action No. 19-1287
) Judge Nora Barry Fischer
META BANK & ACE, )
)
Defendants. )

## MEMORANDUM ORDER

AND NOW, this 23rd day of October, 2019, upon consideration of *pro se* Plaintiff Alvin R. Simmons' Amended Motion for Leave to Proceed in forma pauperis, (Docket No. [3]),

IT IS HEREBY ORDERED that said Motion [3] is GRANTED as to the In Forma Pauperis Status of pro se Plaintiff Alvin R. Simmons, Jr. ONLY, as the amended motion sufficiently alleges that he did not receive his $771 SSI benefits check for September 2019 and thereby demonstrated that he lacks the present ability to pay the filing fee.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, without prejudice, for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1915(e), the Court is under an obligation to evaluate the allegations in the Complaint prior to ordering service of same, in order to determine if the Court has subject matter jurisdiction. *See* 28 U.S.C. § 1915(e); *see also Johnson v. Philadelphia Housing Authority*, 448 F. App'x 190, 192 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit has recognized that "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg.*

*Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163, 2009 WL 1911764, 1 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).

In this Court's estimation, Plaintiff's Complaint fails to establish the existence of federal jurisdiction and this Court is required to dismiss his Complaint, without prejudice. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). To this end, Plaintiff has checked the box that this Court has federal question jurisdiction in the "Basis of Jurisdiction" portion of the Complaint and checked the box indicating that this is an "other civil rights case" on the civil cover sheet. (Docket Nos. 1-1; 1-2). Liberally construing the allegations in Plaintiff's Complaint, it is apparent that he has not properly invoked this Court's federal question jurisdiction nor stated a viable federal claim against Meta Bank & Ace, which is not a state actor subject to suit under § 1983 and he has otherwise not identified any federal statute upon which his claims rely. *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) ("to state a claim of liability under § 1983, [a plaintiff] must allege that [she] was deprived of a federal constitutional or statutory right by a state actor."). Indeed, Simmons' Complaint reveals that he is asserting breach of contract and/or fraud claims against Meta Bank & Ace, based on his allegations that the bank committed a theft of his September 2019 SSI benefits check. (Docket No. 1-1). While Plaintiff sufficiently pleads that the parties are diverse based

upon his assertions that he is a citizen of Pennsylvania and Meta Bank & Ace is a citizen of South Dakota, he has not sufficiently alleged that the amount in controversy exceeds the statutory threshold of $75,000. (*See* Docket No. 1-1). As the Court of Appeals has held:

> "[t]he party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "[E]stimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Id*. at 403.

*Emrit v. Indep. Music Awards, IMA*, 605 F. App'x 103, 104 (3d Cir. 2015). Here, Plaintiff's conclusory statements that he seeks to be paid over $75,000 due to Meta Bank & Ace's alleged theft of his $771 SSI benefits check for September 2019 are "not supported by any legally cognizable calculation of damages." *Id*. at 104. Therefore, Plaintiff has failed to sufficiently plead that this Court may assert diversity jurisdiction over this case. *See* 28 U.S.C. § 1332(a).

For these reasons, Plaintiff has not met his burden to establish that this Court has subject matter jurisdiction over his case. The Court further finds that, for the same reasons, leave to amend is not necessary as any amendment to this Complaint would be futile. Therefore, Plaintiff's Complaint is hereby DISMISSED, without prejudice, for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: Alvin R. Simmons, Jr., pro se
4400 Centre Ave., Apt. 5D
Pittsburgh, PA 15213 (first class mail).